**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

December 28, 2012

LETTER TO COUNSEL

      RE:    Charles J. Jones v. Michael J. Astrue, Commissioner of Social Security;
               Civil No. SAG-11-2703

Dear Counsel:

      This matter is before me by the parties' consent. (ECF Nos. 3, 7). On September 20, 2011, claimant Charles J. Jones petitioned this Court to review the Social Security Administration's final decision to deny his claim for benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Mr. Jones filed his claim for Supplemental Security Income benefits on October 13, 2009. (Tr. 121). His claim was denied initially on January 20, 2010, and on reconsideration on August 19, 2010. (Tr. 57-60, 64-65). After a hearing (Tr. 24-54), Administrative Law Judge William K. Underwood ("the ALJ") issued an opinion denying benefits, because he determined that Mr. Jones was not disabled. (Tr. 11-18). The Appeals Council denied Mr. Jones's request for review (Tr. 1-3), so the ALJ's June 22, 2011 opinion is the final, reviewable decision of the agency.

      The ALJ found that Mr. Jones suffered from severe impairments including schizoaffective disorder, bipolar disorder, "opiod [sic] dependence on agonist therapy," history of cocaine dependence, and history of opiate withdrawal. (Tr. 13). Despite these impairments, the ALJ found that Mr. Jones retained the residual functional capacity ("RFC") to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: unskilled work that is repetitive in nature and involves following a routine, general goals vs. production rate goals, works independently, occasional interaction with others.

(Tr. 15). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Mr. Jones was not disabled. (Tr. 17).

*Charles Jones v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-11-2703
December 28, 2012
Page 2

Mr. Jones makes several arguments in support of his appeal, including a contention that information considered by the agency on reconsideration did not become part of the evidence of record. Cl. Mot. at 8. This Court concurs that there appears to be items missing from the record. Specifically, the agency apparently considered a "prior folder" and an opinion received from Dr. Sarno. (Tr. 326). Neither appears to be contained in this record. There is also a cryptic note on the case development sheet stating "PRTF . . . Clmt with hx of bipolar and psychosis. Dsfunction [sic] in ADLs and social functioning. Hx of suicide attempts. Does not appear capable of SGA. Psychosis persists regardless of mood or SA." (Tr. 326). "PRTF" is typically an acronym for "Psychiatric Review Technique Form." Only two PRTFs appear in Mr. Jones's file, and neither contains the conclusions noted on the case development sheet, further suggesting the possible absence of materials in the agency's file. (Tr. 259-272, 528-541).

Regardless, the ALJ's opinion is patently insufficient to allow review to determine whether it is supported by substantial evidence. For example, as required when assessing mental impairments, the ALJ made findings about the degree of limitation in each of four functional areas. (Tr. 14). However, the ALJ failed to cite to any medical evidence used in reaching his conclusions about those degrees of limitation. For each functional area, the ALJ simply set forth one conclusory sentence, sometimes with a citation to the claimant's function report, but without any citation to the medical evidence of record. *Id.* The citations to the function report do not support the alleged degree of difficulties experienced by Mr. Jones. For example, the ALJ stated, "In social functioning, the claimant has moderate difficulties. The claimant reports going to group and church. (Exhibit 3E)." *Id.* Presumably, the ALJ cited "group and church" to suggest that Mr. Jones participates in some social functioning and therefore does not suffer marked difficulties. However, the ALJ did not expressly provide that analysis, and included no information about what "moderate difficulties" Mr. Jones actually suffers. The Court cannot speculate as to what facts may have been material to the outcome. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

Further, the ALJ's opinion is both internally inconsistent and lacking in explanation for its conclusions. On page 14, the ALJ stated, "The claimant's mental impairments have been severe for the required two year duration and are currently attenuated by the medication and or psychosocial support." In contrast, on page 16, the ALJ stated, "The claimant does not have 12 months of a severe impairment." The ALJ also made general allegations regarding Mr. Jones's ability to "perform the work-related mental activities generally required by competitive, remunerative work" without citing to any record evidence to support those assertions. (Tr. 16). Finally, as the Commissioner concedes, the ALJ made a misstatement regarding the timing of Mr. Jones's hallucinations, which he used to support an adverse credibility finding. (Tr. 16). In light of the various errors, inconsistencies, and failures of explanation, remand is warranted for an adequate and accurate consideration of Mr. Jones's claim.

The case will be remanded for further proceedings, in which the ALJ should also ensure that the complete record in this case has been located and considered. In so holding, I express no

*Charles Jones v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-11-2703
December 28, 2012
Page 3

opinion on whether the ALJ's ultimate determination that Mr. Jones was ineligible for SSI was correct or incorrect.

 For the reasons set forth herein, Mr. Jones's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 17) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

 Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

         Sincerely yours,

         /s/

         Stephanie A. Gallagher
         United States Magistrate Judge